**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

CHRISTOPHER RAY PLOUFFE,
          *Defendant-Appellant.*

No. 05-30045

D.C. No.
CR-04-00013-3-
SEH

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted December 9, 2005*
Seattle, Washington

Filed January 18, 2006

Before: Ronald M. Gould, Marsha S. Berzon, Circuit Judges,
and William W Schwarzer,** District Judge.

Opinion by Judge Gould

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

## COUNSEL

Jeremy S. Yellin, Havre, Montana, for defendant-appellant Christopher Ray Plouffe.

Joseph E. Thaggard, Assistant United States Attorney, Great Falls, Montana, for plaintiff-appellee United States of America.

## OPINION

GOULD, Circuit Judge:

Christopher Ray Plouffe appeals his 71-month sentence imposed after his guilty-plea conviction on one count of assault resulting in serious bodily harm in violation of 18 U.S.C. §§ 113 (a)(6) and 1153. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**[1]** We review sentences imposed after the Supreme Court's decision in *United States v. Booker* for "unreasonableness." 125 S. Ct. 738, 765-66 (2005). In determining whether a sentence is unreasonable, we are guided by the sentencing factors set forth in 18 U.S.C. § 3553(a), including the

sentencing range established by the Sentencing Guidelines.[1]
*Id.*

**[2]** The district court considered Plouffe's history and characteristics, which were described in the presentence report; Plouffe's role in the offense; the need to protect the public while providing appropriate punishment for the offense; and the now-advisory Sentencing Guidelines range of 57-71 months. The court then imposed a sentence that was within the guideline range, albeit at the top of the range. The district court's approach was reasoned and it addressed factors specified in § 3553(a). We conclude that Plouffe's 71-month sentence is reasonable, and we will not disturb the discretion of the sentencing court.

**[3]** That Plouffe's sentence is nearly twice as long as the 37-month sentence imposed on his co-defendant, Mad Plume, is not grounds for finding that Plouffe's sentence is unreasonable, as urged by Plouffe. Rather, this result is consistent with the directive of *Booker* that sentencing courts are to consider how the sentencing factors apply to each defendant and determine whether an individualized sentence is warranted. *Id.* at 767 (noting that, without its mandatory provision, the Sentencing Reform Act remains consistent with Congress's intent to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities . . . [and] *maintaining sufficient flexibility to permit individualized sentences when warranted.*") (emphasis added) (alteration in original) (internal quotation marks omitted).

---

[1]These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Because Plouffe's criminal history was different from that of his co-defendant, the district court had a reasonable basis under the advisory Sentencing Guidelines for the difference in the sentence each received, and this difference does not require relief for Plouffe.

**AFFIRMED.**